UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Woodrow June Marshall,<br><br>                Petitioner<br>    v.<br><br>Brian Williams, et al.,<br><br>                Respondents | Case No. 2:23-cv-01394-APG-DJA<br><br>**ORDER** |

By a previous order (ECF No. 3), petitioner Woodrow June Marshall, was directed to pay the filing fee in order to proceed with his federal habeas petition. Marshall has now paid the full filing fee, so I will direct the Clerk of Court to file the petition.

I have reviewed the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. While it contains cognizable grounds for habeas relief, the petition is defective in several respects and presented in a manner that precludes orderly adjudication of Marshall's claims. To begin with, Marshall appears to be alleging at least nine grounds for relief, but the grounds are scattered throughout his 130-page submission, inconsecutively numbered, and intermixed with numerous exhibits (which are also inconsecutively numbered).[1] Some of Marshall's claims are relatively well-written and understandable, while others are difficult, if not impossible, to decipher. *See*, *e.g*., ECF No. 1-1 at 8-9. I also note that Marshall's petition contains two grounds identified as Ground 1 (ECF No. 1-1 at 10 and ECF No. 1-2 at 12).

---

[1] The Clerk docketed the submission in two parts identified as the "Petition for Writ" (ECF No. 1-1) and "Exhibits" (ECF No. 1-2). Because most of Marshall's habeas claims are intermixed with the "Exhibits" rather part of the "Petition for Writ," I will direct the Clerk to file the submission under a single docket entry.

In addition, I question whether Marshall has provided complete and accurate information about the exhaustion of his claims. He indicates that he presented Grounds 1 through 4 to the Supreme Court of Nevada in the direct appeal of his judgment of conviction. ECF No. 1-1 at 3. One of the two claims he identifies as Ground 1 (ECF No. 1-1 at 10), which alleges a sentencing error, is a claim that is properly presented on direct appeal. However, the other claim he identifies as Ground 1 (ECF No. 1-2 at 12) and Grounds 2 through 4 (ECF No. 1-2 at 14, 18, 30) are all ineffective assistance of counsel claims, which typically must be raised for the first time in state post-conviction proceedings. *See Pellegrini v. State*, 34 P.3d 519, 534 (Nev. 2001) (confirming that the Supreme Court of Nevada has consistently concluded that it will not entertain claims of ineffective assistance of counsel on direct appeal) (citation omitted), *abrogated on other grounds by Rippo v. State*, 423 P.3d 1084, 1097 n.12 (2018).

Due to the foregoing defects, I cannot require the respondents to respond to Marshall's petition in its current form. However, because it appears Marshall may have tenable claims for relief, I will give him an opportunity file an amended petition in a more manageable form. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

Marshall is advised to closely follow the instructions provided with the court's form petition for writ of habeas corpus, as well as the instructions on the form itself. The grounds for relief must be consecutively-numbered. The form's questions regarding exhaustion information must be completed for each claim. The exhibits must also be presented in sequential order. They should be filed separately from the petition or included as an attachment to the petition, not interspersed within the petition itself.

In addition, Marshall should not only correct the noted deficiencies but also include all claims for relief of which he is aware. That is, the amended petition should contain all exhausted claims and all unexhausted claims which Marshall believes might be a basis for granting relief from the criminal conviction or sentence. An exhausted claim is one that has been fairly presented to the Supreme Court of Nevada. An unexhausted claim, on the other hand, is one that has not been presented to the Supreme Court of Nevada and, indeed, may not have been presented to any court. If Marshall is aware of any claim and fails to inform this court as provided below, the abuse of the writ rules may bar him from ever raising that claim in a federal court.

I THEREFORE ORDER the Clerk of Court to FILE the petition for writ of habeas corpus (ECF No. 1-1) and exhibits (ECF No. 1-2) as a single docket entry – i.e., without a separate entry for the exhibits. The Clerk will not serve the respondents at this time, pending the amendment of the petition.

I FURTHER ORDER the Clerk to send Marshall a noncapital Section 2254 habeas petition form and a copy of the instructions for the form.

I FURTHER ORDER that Marshall will have until **November 3, 2023** to file with the court an amended petition which corrects the deficiencies identified above.[2] In addition to correcting the problems which I have identified, Marshall is advised to include in that amended petition all additional claims for habeas corpus relief of which he is aware.

/ / / /

/ / / /

/ / / /

---

[2] Marshall's initial filing may have additional deficiencies not identified in this order.

I FURTHER ORDER that if Marshall fails to respond to this order by the date and in the manner provided above, I will conclude that he does not desire to pursue this matter, and I will dismiss this case without prejudice.

Dated: September 28, 2023

                                                                                    U.S. District Judge Andrew P. Gordon