UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Woodrow June Marshall, | Case No. 2:23-cv-01394-APG-DJA |
|---|---|
| Petitioner | |
| v. | **Order Granting Motion to Dismiss and Denying Leave to Amend Petition** |
| Jeremy Bean, et al., | |
| | [ECF Nos. 23/26] |
| Respondents | |

The respondents move to dismiss Woodrow June Marshall's amended petition for a writ of habeas corpus (ECF No. 9), arguing that several alleged grounds for relief in the petition are untimely, that all alleged grounds except for one are procedurally defaulted, and that several alleged grounds are barred under *Tollett v. Henderson*, 411 U.S. 258 (1973). ECF No. 26. The respondents also argue that three alleged grounds are not cognizable in a federal habeas proceeding. *Id*. For reasons explained below, I grant the motion. I also deny Marshall's attempt to add an actual innocence claim to his petition.

## Background

In March 2020, Marshall entered a guilty plea in the Eighth Judicial District Court for Nevada to five counts of burglary, four counts of invasion of the home, three counts of grand larceny, two counts of attempted burglary, one count of attempted invasion of the home, one count of burglary while in possession of a firearm, one count of invasion of the home while in possession of a firearm, one count of grand larceny of a firearm, and one count of ownership or possession of a firearm by a prohibited person. ECF Nos. 20-25, 20-26. Under the terms of the guilty plea agreement, the State retained the right to argue at sentencing for consecutive and

large habitual treatment but promised not to argue for an aggregate sentence of more than 30 years to life. *Id*. Prior to sentencing, Marshall unsuccessfully attempted to withdraw his guilty plea. ECF Nos. 21-1, 21-2, and 21-4. After a sentencing hearing in August 2020, the trial court adjudicated Marshall a large habitual criminal and imposed an aggregate sentence of 30 years to life. ECF No. 21-7. A judgment of conviction was entered on August 21, 2020. Marshall appealed. ECF No. 21-9. In April 2021, the Nevada Court of Appeals affirmed the judgment. ECF No. 21-23. The court denied a petition for rehearing on July 21, 2021. ECF No. 21-27.

On June 2, 2022, Marshall filed a pro se state habeas petition in the state district court. ECF No. 22-2. The court entered an order denying the petition in October 2022. ECF No. 22-6. Marshall appealed. ECF No. 22-9. In June 2023, the Nevada Court of Appeals affirmed the denial of the petition. ECF No. 22-18. A remittitur concluding the proceeding was issued on July 10, 2023. ECF No. 22-19.

On July 12, 2023, Marshall filed a second state post-conviction petition in the state district court. ECF No. 22-21. He then initiated this federal habeas proceeding on September 7, 2023. ECF No. 1. A few weeks later, the state court dismissed the second state petition as untimely and successive. ECF No. 22-25. Marshall appealed. ECF No. 22-26. At roughly the same time, this court entered an order identifying several deficiencies in Marshall's federal petition and allowing him to file an amended petition to correct the deficiencies. ECF No. 5. On December 7, 2023, Marshall filed the amended petition that is now the operative petition in this case. ECF No. 9. In June 2024, the Nevada Court of Appeals issued a decision affirming the state district court's dismissal of Marshall's second state petition on procedural grounds. ECF No. 22-34. A few weeks later, the respondents filed the motion to dismiss that I address in this order. ECF No. 26.

2

**Discussion**

1. *Timeliness*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id*. Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). However, an untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15(c), a petitioner may include an otherwise untimely claim in an amended habeas petition if it relates back to a claim in a timely filed petition. Under Rule 15(c), a claim in an amended petition relates back to a claim in a timely filed petition if the claim in the amended petition "arose out of the conduct, transaction, or occurrence set out" in the previous petition. Fed. R. Civ. P. 15(c)(1)(B). As the Supreme Court explained in *Mayle v. Felix*, 545 U.S. 644 (2005), Rule 15(c) permits relation back only when new claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and

type from the originally raised episodes." *Mayle*, 545 U.S. at 657 (internal quotation marks omitted).

The respondents argue that, while Marshall's initial petition in this case was timely filed, his amended petition was filed beyond the one-year limitation period.[1] They note that 224 days elapsed between October 20, 2021—the date Marshall's conviction became final by the expiration of time for seeking direct appellate review—and June 2, 2022—the date Marshall's state post-conviction petition for a writ of habeas corpus was filed in the state district court clerk. They further note that 58 days elapsed between July 10, 2023—the date Marshall's first state post-conviction petition concluded—and September 7, 2023—the date Marshall initiated his federal habeas proceeding. Because Marshall waited an additional 91 days to file his amended petition, I agree with the respondents that claims in that pleading are untimely unless they relate back to Marshall's initial petition.[2]

The respondents contend that Grounds Four, Eight, Nine, and Ten do not relate back. Marshall makes no attempt to show that these claims share a common core of operative facts with claims in his timely filed petition. Thus, the claims are time-barred. *See Ross v. Williams*, 950 F.3d 1160, 1172 (9th Cir. 2020) (suggesting that the burden to prove relation back falls on the habeas petitioner when that State identifies specific claims that do not relate back); *see also*,

---

[1] The respondents mistakenly refer to ECF No. 6 as a first amended petition when, in fact, it is Marshall's initial petition, which I directed the Clerk to file once Marshall paid the filing fee. *See* ECF No. 5. This error does not impact my analysis because the relevant dates are the date Marshall initiated this proceeding by submitting his federal petition (September 7, 2023) and the date he filed his amended petition (December 7, 2023).

[2] Marshall's second state post-conviction petition was untimely filed under Nevada law, so he is not entitled to statutory tolling for that proceeding. *See Pace*, 544 U.S. at 417.

4

Local Rule 7-2(d) (providing that a party's failure of an oppose a motion "constitutes a consent to the granting of the motion").

### 2. *Procedural default*

A federal court will not review a claim for habeas corpus relief if the state court's dismissal of the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. *Id*. at 729–30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995), *cert. denied*, 517 U.S. 1150 (1996). The state rule cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir.1996).

The respondents argue that Grounds One through Ten of Marshall's federal petition are barred by the procedural default doctrine because the Nevada courts dismissed the claims as untimely under Nev. Rev. Stat. § 34.726 and successive under Nev. Rev. Stat. § 34.810. Marshall has made no allegation suggesting that either procedural bar is inadequate to bar federal review. Thus, he has not met his burden of placing the "defense in issue." *See Bennett v.*

*Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) ("Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner.")  Accordingly, Nevada's rules regarding timeliness and successive petitions were independent and adequate state law grounds to support the procedural default of Marshall's federal habeas claims.

I note, however, that Grounds Eight and Nine were fairly presented to the state court in Marshall's first state post-conviction proceeding. *See* ECF No. 22-15; ECF No. 22-18 at 5-6. Thus, those two grounds are not procedurally defaulted.  For the remaining claims (i.e., Grounds One through Seven and Ground Ten), Marshall must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  Otherwise, those claims must be dismissed as procedurally defaulted.

In his response to the motion to dismiss, Marshall contends that his actual innocence serves as a ground to excuse his procedural default. ECF No. 33.  He also seeks to amend his petition to add his actual innocence as an independent ground for relief. *Id*.  Demonstrating actual innocence is a narrow "gateway" by which a petitioner can obtain federal court consideration of habeas claims that are otherwise procedurally barred. *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995).  In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. *See*, *e.g.*, *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).  "To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.  The narrow *Schlup* standard is satisfied only if the new, reliable evidence, together with the

evidence adduced at trial, demonstrates that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Id*. at 329.

Marshall has not presented new reliable evidence demonstrating that he is actually innocent. He merely alleges that his counsel were ineffective by failing to investigate his actual innocence and cites, as an examples, their failure to look into other suspects who were detained for the same crimes or to conduct tests on DNA evidence that was collected from the crime scenes. ECF No. 31 at 2. Absent any evidence that such an investigation may have exculpated Marshall, these allegations fall well short of meeting the *Schlup* standard. Marshall does not otherwise show that his procedural default should be excused. Accordingly, Grounds One through Seven and Ground Ten are barred by the procedural default doctrine. And, because his actual innocence claim is wholly unsubstantiated, I deny Marshall's attempt to add the claim to his habeas petition as a freestanding ground for relief. *See Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) (affirming the lower court's denial of motions to amend as futile because petitioner's proposed amendments were "patently frivolous").

## Conclusion

Grounds One through Ten of Marshall's amended petition (ECF No. 9) are dismissed. Grounds Four, Eight, Nine, and Ten are untimely. Grounds One through Seven and Ground Ten are procedurally defaulted. Having so decided, I decline to analyze whether some of the dismissed claims are barred under *Tollett v. Henderson*, 411 U.S. 258 (1973) or are not cognizable in a federal habeas proceeding. I also deny as futile Marshall's attempt to add an

actual innocence claim to his petition.[3]  Thus, only Ground Eleven of Marshall's amended petition remains pending before me.

I THEREFORE ORDER that the respondents' motion to dismiss **[ECF No. 26] is GRANTED** as set forth above.

I FURTHER ORDER that the respondents' motion for leave to file a document under seal **[ECF No. 23] is GRANTED**.[4]

I FURTHER ORDER that the respondents have until May 16, 2025 to file an answer to Ground Eleven in Marshall's amended petition (ECF No. 9).  In all other respects, the schedule for further proceedings set forth in the order entered December 8, 2023, (ECF No. 10) will remain in effect.

Dated: March 11, 2025

_____
Chief U.S. District Judge Andrew P. Gordon

---

[3] Marshall did not file a formal motion for leave to amend his petition.  Instead, he merely included a "Ground 12" in his response to the respondents' motion to dismiss. ECF No. 33 at 2-4.

[4] The confidential nature of information contained in Marshall's Pre-Sentence Investigation Report is a compelling reason for me to restrict the public's access to the report. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); Nev. Rev. Stat. § 176.156(5).