**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WOODROW JUNE MARSHALL, | Case No. 2:23-cv-01394-APG-DJA |
| Petitioner, | **Order Denying Petition for Writ of Habeas Corpus and Denying a Certificate of Appealability** |
| v. | |
| MANUEL PORTILLO,[1] et al., | [ECF No. 9] |
| Respondents. | |

Petitioner Woodrow June Marshall filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 9.  In the remaining ground in his petition, he alleges (A) the state court violated the Fifth, Eighth, and Fourteenth Amendments by failing to confirm his identity as the person convicted of prior judgments of conviction used to impose sentence as a habitual criminal; and (B) trial counsel was ineffective in violation of the Sixth Amendment for failing to challenge his identity as the person convicted of the prior judgments of conviction. *Id.* at 31–32.

**I.      BACKGROUND**

The State of Nevada charged Marshall by superseding indictment with 19 counts including burglary while in possession of a firearm, burglary, attempted burglary, invasion of the home while in possession of a firearm, invasion of the home, attempted invasion of the home, grand larceny firearm, grand larceny, and ownership or possession of firearm by prohibited person, committed in 2018. ECF No. 20-8.  The State filed a notice of intent to seek punishment

---

[1] Marshall is currently incarcerated at Southern Desert Correctional Center (SDCC). *See* NDOC Inmate Search.  Manuel Portillo is the warden for that facility. *See* Southern Desert Correctional Center Facility | Nevada Department of Corrections.  At the end of this Order, I direct the Clerk of Court to substitute Marshall's current immediate custodian, Manuel Portillo, as the respondent in lieu of Jeremy Bean. *See* Fed. R. Civ. P. 25(d).

as a habitual criminal alleging eight prior Nevada and two prior California felony convictions.[2] ECF No. 20-18 at 2–3.

Marshall pleaded guilty to all charges under a guilty plea agreement (GPA). ECF Nos. 20-25; 20-26 at 3–6.  The State agreed not to argue for an aggregate sentence of more than 30 years to life imprisonment. ECF No. 20-25 at 3.  Marshall agreed he understood he could be sentenced as a habitual criminal. ECF Nos. 20-18; 20-25 at 4.  At a hearing on Marshall's motion to withdraw the guilty plea before sentencing, Marshall's counsel for the guilty plea negotiations testified he told Marshall "to expect the large habitual" sentence due to Marshall's "12 prior felonies," and he testified the defense goal was to ask the court for a "ten to life" sentence. ECF No. 21-2 at 10, 20–21.

Before sentencing, the State submitted certified copies of seven Nevada and two California of judgments for felony convictions.[3] ECF No. 21-3.  Six of the seven Nevada judgments bear Marshall's name, "Woodrow June Marshall," and Nevada inmate number #0395423. ECF Nos. 21-3; 21-5.  The California abstract of judgment bears the name Woodrow June Marshall. *Id.* at 31.  The Presentence Investigation Report states the records of the Las

---

[2] The Nevada convictions included: (1) 1980 burglary conviction in Case No. C50238; (2) 1986 conviction for sale of documents to falsify identification and sale credit card to another in Case No. C72171; (3) 1986 burglary conviction in Case No. C73877; (4) 1993 burglary conviction in Case No. C113703; (5) 1999 burglary conviction in Case No. C156132; (6) 2002 conviction for possession of stolen vehicle in Case No. C161317; (7) 2015 conviction for possession of controlled substance in Case No. C296833; and (8) 2016 conviction for attempt home invasion in Case No. C316473. ECF No. 20-18 at 2–3.  The California convictions included two 1983 burglary convictions in Case No. C-51418. *Id.*

[3] The certified Nevada judgments of conviction included: (1) 1980 burglary conviction in Case No. C50238; (2) 1986 conviction for sale of documents to falsify identification and sale credit card to another in Case No. C72171; (3) 1986 burglary conviction in Case No. C73877; (5) 1999 burglary conviction in Case No. C156132; (6) 2002 conviction for possession of stolen vehicle in Case No. C161317; and (7) 2016 conviction for attempt home invasion in Case No. C316473. ECF No. 21-3 at 4–27.  The State also submitted case documents and a certified abstract of judgment for two 1983 felony burglary convictions in California Case No. C 51418. *Id.* at 28–31.

Vegas Metropolitan Police Department, the Nevada Department of Public Safety Division of Parole and Probation, the National Crime Information Center, and the Federal Bureau of Investigation reflect that Marshall's criminal history includes eight of the convictions that were set forth in the submitted certified judgments of conviction.[4]

At sentencing, Marshall admitted he "went to prison four times," and Marshall's counsel asked the court "to habitualize" Marshall but sentence him to only 10-to-25 years imprisonment. ECF No. 21-7 at 6, 12.  The State withdrew from the court's consideration one of the seven Nevada certified judgments of conviction (Case No. C-161317). *Id.* at 12.  The court sentenced Marshall as a large habitual criminal to an aggregate sentence of 30-years-to-life imprisonment. ECF Nos. 21-7 at 24–25; 21-8 at 3, 5.

## II.      GOVERNING STANDARDS

### A.      AEDPA Standard of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) sets forth the standard of review generally applicable in habeas corpus cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[4] The PSR reports Marshall had the following Nevada prior convictions: (1) 1980 burglary conviction in Case No. C50238; (2) 1986 conviction for sale of documents to falsify identification and sale credit card to another in Case No. C72171; (3) 1986 burglary conviction in Case No. C73877; (4) 1999 burglary conviction in Case No. C156132; (5) 2002 conviction for possession of stolen vehicle in Case No. C161317; (6) 2015 conviction for possession of controlled substance in Case No. C296833; and (8) 2016 conviction for attempt home invasion in Case No. C316473. ECF No. 24-1 at 6–8.  The PSR also reported Marshall's criminal record included two 1983 burglary convictions in California Case No. C-51418. *Id.*

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254 "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 75 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." *Id.* (quoting *Williams*, 529 U.S. at 409–10) (internal citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B.   Ineffective Assistance of Counsel

Ineffective assistance of counsel (IAC) claims are governed by the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  A petitioner claiming IAC has the burden to demonstrate (1) the attorney made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense. *See Williams*, 529 U.S. at 390–91 (citing *Strickland*, 466 U.S. at 687).

To establish ineffectiveness, the defendant must show counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687–88.  To establish prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, to avoid the distorting effects of hindsight. *See id.* at 689.  The petitioner bears the burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *See id.*

Federal review of a state supreme court's decision on an IAC claim is "doubly deferential." *Cullen*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).  The reviewing court must "take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d).'" *Id.* (internal citations omitted).

### III.   DISCUSSION

Ground 11 of the amended petition raises two claims. ECF No. 9 at 31.  First, Marshall alleges the state district court violated the Fifth, Eighth, and Fourteenth Amendments by adjudicating him a habitual criminal because the State failed to prove beyond a reasonable doubt

he was the person who incurred prior judgments of conviction used to impose a habitual criminal sentence. *Id.* Second, he alleges counsel violated the Sixth Amendment by failing to challenge that Marshall was the individual who incurred those prior convictions. *Id.*

### A.   State Law

At the relevant time, Nevada's habitual criminal statute provided a sentencing court with discretion to sentence a defendant as a large habitual criminal if the defendant had three prior felony convictions. *See* NRS § 207.010(1)(b), *as enacted by*, Laws 2009, c. 156 § 1.[5]

"Under NRS 207.010, the state must prove beyond a reasonable doubt: (1) the identity of the

---

[5] In 2018, NRS § 207.010, in relevant part, read:

> 1.   Unless the person is prosecuted pursuant to NRS 207.012 or 207.014, a person convicted in this State of:
>
> . . . .
>
> (b) Any felony, who has previously been three times convicted, whether in this State or elsewhere, of any crime which under the laws of the situs of the crime or of this State would amount to a felony is a habitual criminal and shall be punished for a category A felony by imprisonment in the state prison:
>
> > (1) For life without the possibility of parole;
> >
> > (2) For life with the possibility of parole, with eligibility for parole beginning when a minimum of 10 years has been served; or
> >
> > (3) For a definite term of 25 years, with eligibility for parole beginning when a minimum of 10 years has been served.
>
> 2. It is within the discretion of the prosecuting attorney whether to include a count under this section in any information or file a notice of habitual criminality if an indictment is found. The trial judge may, at his or her discretion, dismiss a count under this section which is included in any indictment or information.

6

person; and (2) the conviction of prior felonies." *Carr v. State*, 96 Nev. 936, 939 (1980) (quoting *Howard v. State*, 83 Nev. 53, 57 (1967)). "[I]in order to use a prior felony conviction for enhancement purposes, the state's initial burden of production shall be satisfied if the state presents prima facie evidence of the existence of the prior conviction." *Dressler v. State*, 107 Nev. 686, 697–98 (1991). "For the purposes of NRS 207.010 . . . a certified copy of a felony conviction is prima facie evidence of a conviction of a prior felony." NRS § 207.16(5).

"Ordinarily, positive identity is accomplished by the presentation of photographs, fingerprints, and any other available identity data." *Hollander v. State*, 82 Nev. 345, 348–49 (1966). However, a court may consider uncommon surnames and the identity of first names and surnames in determining whether the State has proven a defendant's identity. *See id.* (holding an exemplified copy of past conviction together with defendant's unusual last name, identical first name, and the added weight given to a conviction record of state in which ex-felon accusation is tried, sufficient to establish defendant's identity with prior offenses, in prosecution for being an ex-felon in possession of a firearm and violation of Habitual Criminal Act). *See also, e.g.,* *Hefferman v. U S*, 50 F.2d 554, 557 (3d Cir. 1931) (holding record of prior convictions, in same court, of defendant of same unusual name, for same offenses, in same building, was prima facie identification of offenses and defendant).

### B.   State Court Adjudications

Marshall alleged in his counseled state direct appeal that the state district court abused its discretion by adjudicating him a large habitual criminal without first recognizing its discretion and conducting factor-weighing. ECF No. 21-18 at 38–40. The Nevada Court of Appeals (NCA) affirmed, finding the district court understood its sentencing authority and exercised its

discretion to adjudicate Marshall a habitual criminal due to his lengthy criminal history. *Marshall v. State*, 137 Nev. 937 (Nev. App. 2021).

Marshall raised his due process and IAC claims in his initial *pro se* state postconviction petition. ECF No. 22-2 at 7. The state district court denied the petition, finding Marshall attempted to relitigate the claim raised on direct appeal and, even if it was raised on direct appeal, it would be barred under NRS § 34.810(1)(a) as neither challenging his plea as entered involuntarily or unknowingly nor "entered without effective assistance of counsel." ECF No. 22-5 at 6–7. The state district court also denied the IAC claim as futile as the certified felony priors included Marshall's name and offender identification number. *Id.* at 10. The NCA affirmed, finding Marshall did not raise a claim that the prior convictions had inconsistent "identities and fingerprints," and failed to allege any facts to support his IAC claim:

> First, Marshall contended counsel was ineffective for failing to challenge the validity of the prior convictions that were used to adjudicate him as a habitual criminal. Marshall contended the State did not demonstrate he was the person named in any of the eight certified judgments of conviction that the State presented to the sentencing court. Marshall did not allege any facts to support this claim.
>
> [FN 1] On appeal, Marshall argues the prior convictions had inconsistent identities and fingerprints. Marshall did not raise this argument in his petition below; therefore, we decline to consider it for the first time on appeal. *See McNelton v. State,* 115 Nev. 396, 415–16, 990 P.2d 1263, 1275–76 (1999).
>
> Therefore, Marshall failed to allege specific facts that, if true, would entitle him to relief. Accordingly, we conclude the district court did not err by denying this claim without conducting an evidentiary hearing.

*Marshall v. State*, 530 P.3d 863 (Nev. App. 2023).

8

### C.     Claim Under Fifth, Eighth, and Fourteenth Amendments

Marshall argues the trial court violated his rights under the Fifth, Eighth, and Fourteenth Amendments by imposing the habitual criminal sentence because the State failed to prove Marshall was the person who in fact obtained the prior convictions that the State presented. ECF No. 37 at 8–9.

Federal habeas relief is available for violations of the Constitution, laws, or treaties of the United States only and "does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Marshall's claim asserts an error of state law only.  Whether a state court abused its discretion in making sentencing choices is a question of state law and is not subject to federal habeas review. *See Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) (a trial court's alleged abuse of discretion in applying state sentencing law cannot form the basis for federal habeas relief).  Arguments premised on state law are not cognizable in a federal habeas petition. *See Estelle*, 502 U.S. at 67–68.

Marshall fails to establish there is any clearly established federal law, as determined by the Supreme Court, that is applicable to his claim.  Marshall cites *Walker v. Deeds*, 50 F.3d 670 (9th Cir. 1995), a pre-AEDPA case in which the Ninth Circuit ruled it a violation of a petitioner's due process rights for the state trial court to adjudicate him a habitual criminal without making the required finding under Nevada law that it was "just and proper" to do so. ECF No. 46 at 14.  But *Walker* does not constitute clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1).  The NCA is not required to apply *Walker*, nor do so reasonably. *See Williams*, 529 U.S. at 362 (2000).  Second, *Walker* does not concern the State's burden to establish identity of prior convictions for habitual criminal

sentencing. And finally, the holding in *Walker*, even if relevant, is no longer good law. *See Hughes v State*, 996 P.2d 890 (Nev. 2000).

Assuming arguendo that Marshall raises a federal law claim, I note the NCA declined to consider Marshall's state law claim because it concluded Marshall never raised in his initial state petition a claim that the State failed to prove "identities." *Marshall v. State*, 530 P.3d 863 n.1 (Nev. App. 2023). That conclusion is belied by the initial state petition in which Marshall alleged "[t]he Court excepted [sic] the State's evidence that Petitioner should receive the Large Habitual Offender treatment without the State providing a clear showing of *the identity* of the person that accumulated the nine (9) felony convictions used as evidence by the State to request that the Petitioner be treated as a Large Habitual Criminal." ECF No. 22-2 at 7 (emphasis added).

Although the NCA may have unreasonably failed to address Marshall's claim, even if I may consider whether there is a violation of due process or the prohibition of cruel and unusual punishment, I cannot grant federal habeas relief to Marshall because the claim does not survive *de novo* review. *See, e.g.*, *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) ("Courts can, however, deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review, *see* § 2254(a)."). The State submitted more than three certified judgments of conviction for Nevada felonies bearing Marshall's unique name. Moreover, as shown in the PSR, more than three of those certified judgments that were attributed to Marshall were corroborated by criminal law agency databases containing Marshall's criminal history. Nothing leads to a conclusion the State did not establish beyond a reasonable doubt the prior convictions belonged to Marshall. Thus, Marshall's claim lacks merit.

For the foregoing reasons, I deny Marshall's claim that the state district court violated the Fifth, Eighth, and Fourteenth Amendments.

### D.        Analysis of IAC Claim

The NCA determined that Marshall failed to demonstrate any evidence to support his claim that trial counsel provided ineffective assistance.  That determination is objectively reasonable.  As explained above, Marshall provides no facts leading to a conclusion that he was not the individual who obtained the prior felony convictions used to qualify him as a large habitual criminal.  Even if I were to apply *de novo* review to this claim, I would deny it. Marshall has not established any basis to conclude counsel's failure to challenge the identity of the felon who incurred the certified Nevada judgments of conviction fell below an objective standard of reasonableness or any reasonable probability the result of the sentencing would have been different but for counsel's failure to do so.  Marshall's Sixth Amendment claim is denied.

### IV.        CERTIFICATE OF APPEALABILITY

A district court is required to issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Fed. § 2254 R. 11(a); CTA9 Rule 22-1(a).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  To meet the threshold inquiry, a petitioner has the burden of demonstrating the issues are debatable among jurists of reason, a court could resolve the issues differently, or the questions are adequate to deserve encouragement to proceed further. *See Allen v. Ornoski*, 435 F.3d 946, 950–951 (9th Cir. 2006).  Applying these standards, I find a certificate of appealability is unwarranted in this case.  I therefore deny Marshall a certificate of appealability.

## V.      CONCLUSION

I THEREFORE ORDER that the petitioner Woodrow June Marshall's amended petition for writ of habeas corpus **(ECF No. 9) is dismissed with prejudice**.

I FURTHER ORDER that the petitioner's motion for appointment of **counsel (ECF No. 42) is denied as moot**.

I FURTHER ORDER that a certificate of appealability is denied as reasonable jurists would not find my decision debatable or wrong.

I FURTHER ORDER the Clerk of Court to substitute Manuel Portillo for the respondent Jeremy Bean, enter judgment accordingly, and close this case.

Dated: February 16, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE